[Cite as *Mayer v. Midland Natl. Life Ins. Co.*, 2012-Ohio-3721.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| WILLIAM L. MAYER | : | |
| | : | |
| Plaintiff-Appellant | : | Appellate Case No. 24954 |
| | : | |
| v. | : | Trial Court Case No. 11-CV-2502 |
| | : | |
| MIDLAND NATIONAL LIFE | : | (Civil Appeal from |
| INSURANCE COMPANY | : | Common Pleas Court) |
| | : | |
| Defendant-Appellee | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the <u>17th</u> day of <u>   August   </u>, 2012.

. . . . . . . . . .

WILLIAM L. MAYER, 5325 Silbury Lane, Dayton, Ohio 45429
      Plaintiff-Appellant, Pro Se

JEFFREY D. FINCUN, Atty. Reg. #0007729, 1301 East 9th Street, Suite 1900, Cleveland, Ohio 44114-1862
      Attorney for Defendant-Appellee

. . . . . . . . . . . .

RICE, V.J.

{¶ 1}    Appellant, William Mayer, appearing pro se, appeals the judgment of the

Montgomery County Court of Common Pleas granting the Civ.R. 12(B)(6) motion to dismiss filed by appellee, Midland National Life Insurance Company. At issue is whether the trial court erred in dismissing Mayer's complaint. For the reasons that follow, we affirm.

{¶ 2} The following facts are derived from Mayer's complaint, and, for purposes of Midland's motion to dismiss, are presumed to be true. On April 4, 2011, Mayer filed a one-paragraph complaint against Midland in which he alleged that Midland, "thru [sic] apparent over-sight failed to respond to Change of Address and request for change forms that accompanied premium payments" on a Midland life insurance policy. Mayer also alleged that he has been the owner of the policy, which insures the life of his brother, since it was written in 1992. Further, Mayer alleged, "[t]his matter" has previously been before the Highland County Court of Common Pleas; that a settlement was reached; and that the settlement prevented any discussion of the settlement terms.

{¶ 3} Contrary to Mayer's statement of the case, his complaint did *not* allege that the subject insurance policy lapsed when his change of address and change forms were overlooked.

{¶ 4} Mayer attached two exhibits to the complaint. Exhibit A is a letter, dated September 18, 2008, from Midland to Mayer acknowledging receipt of a change of address. Exhibit B is a letter, dated April 22, 2009, from one Sherry Kahn to Mayer confirming their recent telephone conversation regarding changes Mayer wanted to make to said policy.

{¶ 5} The complaint did not assert any cause of action, allege any injury or harm sustained by Mayer, or request any form of relief.

{¶ 6} On May 5, 2011, Midland filed a motion for an extension of time to answer or move with respect to the complaint to June 3, 2011, which the trial court granted.

{¶ 7}    On June 3, 2011, Midland filed a motion to dismiss the complaint pursuant to Civ.R. 12(B)(6), arguing that the complaint should be dismissed for failure to state a claim on which relief could be granted.   Midland argued that the complaint did not: (1) identify any cause of action; (2) allege that Mayer had sustained any injury or damage; or (3) seek any relief. Further, Midland argued that Mayer failed to allege any facts that could sustain recovery, making the complaint subject to dismissal.

{¶ 8}    The court scheduled a non-oral hearing on Midland's motion to dismiss on July 1, 2011.   Mayer did not file a brief in opposition.   Instead, on July 1, 2011, he filed a "motion to extend time for filing responsive pleadings."   In this motion Mayer "request[ed] additional time to file motions for completing discovery and other pleadings."   Mayer's motion did not address Midland's motion to dismiss or identify what "other pleadings" he intended to file.   Further, Mayer's motion did not indicate the length of enlargement he was seeking; what discovery he was allegedly seeking; or why such discovery was necessary to respond to Midland's motion to dismiss.   The trial court did not expressly rule on Mayer's motion to extend.

{¶ 9}    In the months that followed, Mayer never filed a brief in opposition to Midland's motion to dismiss or any other pleadings or motions.

{¶ 10}   Four and one-half months later, on November 15, 2011, the trial court entered judgment granting Midland's motion to dismiss.   The trial court found that, based on the allegations of the complaint, Mayer could not prove a set of facts in support of a claim that would entitle him to relief and the complaint did not state a claim on which relief could be granted.

{¶ 11}   Mayer appeals the trial court's judgment, asserting three assignments of error. For his first assigned error, Mayer alleges:

{¶ 12}   "The Trial Court erred when it determined that no genuine issue of fact was

present and thereupon improperly ruled in favor of the Defendant/Appellee's Motion for Summary Judgment."

{¶ 13} As a preliminary matter, we note that each of Mayer's assignments of error is based on the incorrect premise that Midland filed a motion for summary judgment and that the trial court entered summary judgment in favor of Midland. Under each of his assigned errors, Mayer argues that the trial court erred in entering summary judgment. However, since Midland did not file a motion for summary judgment and the trial court did not enter summary judgment, each of Mayer's arguments is irrelevant. For this reason alone, his assignments of error lack merit.

{¶ 14} Turning to Mayer's specific arguments, he contends the trial court erred in finding that no genuine issues of fact exist. However, the trial court did not make such finding. Because Midland filed a Civ.R. 12(B)(6) motion to dismiss, not a motion for summary judgment, the trial court had no occasion to determine whether genuine issues of material fact existed. Instead, the trial court properly found that, based on the allegations of the complaint, it failed to state a claim on which relief could be granted and dismissed the complaint.

{¶ 15} Mayer also argues the trial court erred by relying on statements taken out of context in Mayer's deposition. However, the record does not reflect that Mayer's deposition was ever taken or filed in this case. Further, the trial court did not mention Mayer's deposition in its judgment. In short, contrary to Mayer's argument, the record does not support his contention that the trial court relied on his deposition in granting Midland's motion to dismiss.

{¶ 16} Next, Mayer argues that Midland in its summary-judgment motion attempted to bias the court against him by stating in a footnote in its motion that "although Plaintiff filed this

case pro se, he is no stranger to the legal system." However, in Midland's motion to dismiss, it did not include any footnotes and did not include the statement attributed to it by Mayer.

{¶ 17} Finally , Mayer argues that genuine issues of material fact exist in this case. However, since Midland did not file a motion for summary judgment, whether genuine issues of material fact exist is irrelevant. In any event, we note that, even if this argument was relevant, it would fail because Mayer failed to identify any genuine issues of material fact.

{¶ 18} Mayer's first assignment of error is overruled.

{¶ 19} For Mayer's second assignment of error, he alleges:

{¶ 20} "The Trial Court improperly interpreted the Plaintiff/Appellant's burden under Ohio Civ.R. 56 and accordingly improperly granted the Defendant/Appellee's Motion for Summary Judgment."

{¶ 21} Initially, we note that Mayer does not present any argument in support of this assignment of error, in violation on App.R. 16(A)(7). For this reason alone, this assignment of error lacks merit.

{¶ 22} Further, because Midland did not file a motion for summary judgment and the trial court did not enter summary judgment, Mayer's assignment of error alleging that the court improperly "interpreted" his burden on the summary judgment is irrelevant. In any event, the court did not "interpret" Mayer's burden on summary judgment. The court based its decision on the law pertinent to a Civ.R. 12(B)(6) motion to dismiss.

{¶ 23} Mayer's second assignment of error is overruled.

{¶ 24} For Mayer's third and final assignment of error, he alleges:

{¶ 25} "The trial Court failed to grant the Plaintiff/Appellant's motion to extend time to

secure records from Defendant and, if necessary, file motion to take leave of the Court to amend the complaint."

{¶ 26} Mayer argues the trial court erred in granting summary judgment in favor of Midland because discovery was ongoing. However, Mayer fails to reference the record in support of this argument. Mayer's argument thus violates App.R. 16(A)(7) and is not well taken. Moreover, our review of the record does not reveal that discovery was ongoing or that Mayer had propounded any discovery requests to Midland.

{¶ 27} Moreover, even if Midland had filed a motion for summary judgment, Mayer's argument would lack merit because he never filed a motion for an enlargement pursuant to Civ.R. 56(F). This rule provides that when a party opposing summary judgment files *affidavits* demonstrating that he cannot for *sufficient* reasons stated present facts necessary to oppose summary judgment, the court may permit discovery to be had. Here, Mayer did not file a motion under this rule and did not file any affidavits providing sufficient reasons why he could not present facts necessary to oppose summary judgment. Consequently, even if Midland had filed a summary-judgment motion, because Mayer failed to file a properly-supported motion under Civ.R. 56(F), he would not have been entitled to an extension under this rule.

{¶ 28} Next, Mayer argues that "information obtained by discovery should have been the basis for amending complaint." (Sic.) However, Mayer fails to explain what information he allegedly obtained. We note that during the extended period between the date Midland filed its motion to dismiss, June 3, 2011, and the date the court ruled on that motion, November 15, 2011, Mayer never filed a motion for leave to amend the complaint. It is also worth noting that in his motion for extension, Mayer did not mention anything about amending his complaint.

**{¶ 29}** Finally, although Mayer does not argue that the trial court erred in granting Midland's motion to dismiss, we note that the trial court applied the correct standard in ruling on Midland's motion. The function of a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim on which relief can be granted is to test the legal sufficiency of a statement of a claim for relief. *Thompson v. Stealth Investigations, Inc.*, 2d Dist. Clark No. 2009 CA 86, 2010-Ohio-2844, ¶4. In determining whether or not to grant a motion to dismiss pursuant to Civ.R. 12(B)(6), the court cannot rely on evidence outside the complaint. *Id*. A court cannot dismiss a complaint for failure to state a claim unless it appears beyond doubt from the complaint that the plaintiff cannot prove a set of facts entitling him to recovery. *Id*. at ¶5. A court must construe the allegations in the complaint in favor of the nonmoving party. *Id*. When determining whether an action should be dismissed pursuant to Civ.R. 12(B)(6) for failure to state a claim, a trial court must examine the complaint to determine if the allegations provide for relief on any possible theory. *Id*. at ¶6.

**{¶ 30}** Based on our review of the complaint, we find it did not identify any cause of action; allege any facts that could support recovery in tort, contract, or otherwise; allege that Mayer had suffered any injury or harm; or request any relief. In short, Mayer's complaint failed to state a claim on which relief could be granted. We therefore hold the trial court did not err in granting Midland's Civ.R. 12(B)(6) motion to dismiss.

**{¶ 31}** Mayer's third assignment of error is overruled.

**{¶ 32}** For the reasons stated in the opinion of this court, Mayer's assignments of error lack merit. It is the judgment and order of this court that the judgment of the Montgomery County Court of Common Pleas is affirmed.

. . . . . . . . . . . . .

FAIN and FROELICH, JJ., concur.

(Hon. Cynthia Westcott Rice, Eleventh District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).

Copies mailed to:

William L. Mayer
Jeffrey D. Fincun
Hon. Dennis J. Adkins